Lawrence Spasojevich (LS 1029)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL MURPHY,

                                                CASE NO.   1:22-cv-6683

                      Plaintiff,        **COMPLAINT**

-against-

TFC PARTNERS, INC.

                                                ECF Case,

                      Defendant(s).

---

Plaintiff, MICHAEL MURPHY, on behalf of Plaintiff, by and through the undersigned attorney, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant(s), TFC PARTNERS, INC. and states as follows:

**INTRODUCTION**

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant(s): (1) unpaid wages; (2) unpaid wages at the overtime wage rate; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, MICHAEL MURPHY, is an adult resident of Kings County, New York.

6. Upon information and belief, Defendant, TFC PARTNERS, INC., is a foreign business corporation, organized and existing under the laws of the State of Delaware, with a place of business located at 501 Grand Avenue, Ste L2, Asbury Park, NJ 07712.

7. TFC PARTNERS, INC., operates its business within the State of New York at the following locations:

    a. 347 Bowery, New York, NY 10003;

    b. 118-122 W 23rd St, New York, NY 10011;

    c. 475 Clermont Ave, Brooklyn, NY 11238; and

    d. 146 Pierrepont St, Brooklyn, NY 11201.

8. At all relevant times, Defendant, TFC PARTNERS, INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9.  At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant(s).

10. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff minimum wage for all hours worked as well as the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

11. Upon Plaintiff's recall and recollection, he began working for Defendant(s) on or about April of 2019.

12. Upon Plaintiff's recall and recollection, his last day of work for Defendant(s) was on or about August 22, 2022.

13. Upon Plaintiff's recall and recollection, the only gap in employment during that period from June 26, 2022, through July 3, 2022.

14. Plaintiff performed work for the Defendant(s) at the following locations:

    a.  347 Bowery, New York, NY 10003;

    b.  118-122 W 23rd St, New York, NY 10011;

    c.  475 Clermont Ave, Brooklyn, NY 11238; and

    d.  146 Pierrepont St, Brooklyn, NY 11201.

15. Upon Plaintiff's recall and recollection, he worked an average of six (6) days per week.

16. Upon Plaintiff's recall and recollection, each workday was comprised of two possible shifts.

17. Upon Plaintiff's recall and recollection, the afternoon shift began at 3:00PM and ended at 11:00PM.

18. Upon Plaintiff's recall and recollection, the night shift began at 11:00PM and ended at 7:00AM.

19. Upon Plaintiff's recall and recollection, he worked at least one shift per workday. However, approximately three (3) times per week, Plaintiff worked double shifts.

20. Over 25% of Plaintiff's time working consisted of physical labor.

21. Upon Plaintiff's recall and recollection, he was not paid on a weekly basis.

22. Upon Plaintiff's recall and recollection, he worked the following days during the period of June 2022:

    a. June 24, 2022, from 3:00PM until 11:00PM;

    b. June 24, 2022, from 3:00PM until 11:00PM;

23. Upon Plaintiff's recall and recollection, he worked the following days during the period of June 2022:

    a. July 4, 2022, from 3:00PM until 11:00PM;

    b. July 5, 2022, from 3:00PM until 11:00PM;

    c. July 6, 2022, from 3:00PM until 11:00PM;

    d. July 7, 2022, from 3:00PM until 11:00PM;

    e. July 8, 2022, from 3:00PM until 11:00PM;

    f. July 9, 2022, from 3:00PM until 11:00PM;

    g. July 10, 2022, from 3:00PM until 11:00PM;

    h. July 11, 2022, from 3:00PM until 11:00PM;

    i. July 12, 2022, from 3:00PM until 11:00PM;

    j. July 14-15, 2022, from 11:00PM until 7:00AM;

    k. July 17-18, 2022, from 11:00PM until 7:00AM;

  l. July 18-19, 2022, from 11:00PM until 7:00AM;

  m. July 19-20, 2022, from 11:00PM until 7:00AM;

  n. July 20-21, 2022, from 11:00PM until 7:00AM;

  o. July 24, 2022, from 3:00PM until 11:00PM;

  p. July 25, 2022, from 3:00PM until 11:00PM;

  q. July 26-27, 2022, from 11:00PM until 7:00AM;

  r. July 27-28, 2022, from 11:00PM until 7:00AM;

  s. July 31-August 1, 2022, from 11:00PM until 7:00AM;

24. Upon Plaintiff's recall and recollection, he worked the following days during the period of June 2022:

  a. August 1-2, 2022, from 3:00PM until 11:00PM;

  b. August 2, 2022, from 11:00PM until 7:00AM;

  c. August 3, 2022, from 11:00PM until 7:00AM;

  d. August 4-5, 2022, from 11:00PM until 7:00AM;

  e. August 7, 2022, from 3:00PM until 11:00PM;

  f. August 8, 2022, from 3:00PM until 11:00PM;

  g. August 9, 2022, from 3:00PM until 11:00PM;

  h. August 10-11, 2022, from 11:00PM until 7:00AM;

  i. August 11-12, 2022, from 11:00PM until 7:00AM;

  j. August 15-16, 2022, from 11:00PM until 7:00AM;

  k. August 16, 2022, from 11:00PM until 7:00AM;

  l. August 17-18, 2022, from 11:00PM until 7:00AM;

  m. August 18, 2022, from 3:00PM until 11:00PM;

        n.        August 21, 2022, from 3:00PM until 11:00PM;

25. Upon Plaintiff's recall and recollection, his job duties included, but were not limited to, collecting and sorting packages as well as opening door for residents.

26. Defendant(s) compensated Plaintiff at a rate of sixteen dollars ($16.00) per hour.

27. However, upon Plaintiff's recall and recollection, he was not compensated for any work he performed from June 23, 2022, until August 22, 2022. Thus, all overtime pay owed during this period was not paid as well.

28. For the relevant period, Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

29. Defendant(s) though their Human Resources representative, have confirmed that Plaintiff has not been properly compensated.

30. Nonetheless, Defendant(s) have still failed to properly compensate Plaintiff.

31. Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for all of the hours he worked as well as hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

32. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant(s) failed to maintain accurate and sufficient time records.

33. Defendant(s) did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

34. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek.

35. Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

36. Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

37. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "36" of this Complaint as if fully set forth herein.

38. At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

40. Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

41. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

42. Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

43. At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at

the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

44. Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendant(s) knew or should have known such was due that non-payment of a overtime rate would financially injure Plaintiff.

45. Defendant(s) have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

46. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendant(s) failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

48. As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

49. Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiff suffered damages in and entitled to an award of an amount not presently ascertainable of unpaid wages at the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

50. Plaintiff is entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "50" of this Complaint as if fully set forth herein.

52. The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff.

53. Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the agreed rate of $16.00 per hour to Plaintiff for all hours worked.

54. By failing to compensate Plaintiff a wage for all hours worked Defendant(s) violated Plaintiff's statutory rights under the NYLL.

55. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

56. Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked.

57. Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in week.

58. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

59. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

60. Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

61. Due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s) unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

62. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
### [Late Payment of Wages]

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "62" of this Complaint as if fully set forth herein.

64. NYLL § 191(1)(a) provides that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned…."

65. Over 25% of Plaintiff's time working consisted of physical labor.

66. Thus, Plaintiff was a manual worker for the purposes of the NYLL.

67. Defendant maintained a policy of paying Plaintiff on a bi-weekly basis as opposed to weekly.

68. By failing to compensate Plaintiff on a weekly basis, Defendant violated Plaintiff's statutory rights under the NYLL.

69. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

70. Therefore, Defendant' knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiffs on a weekly basis.

71. Due to the Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant, liquidated damages for failure to timely pay Plaintiff on a weekly basis, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

## COUNT 4
### [Failure to provide a Wage Notice]

72. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "71" of this Complaint as if fully set forth herein.

73. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

74. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

75. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

76. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 5
### [Failure to provide Wage Statements]

77. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "75" of this Complaint as if fully set forth herein.

78. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

79. Through knowingly or intentionally failing to provide the Plaintiff with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

80. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate under the NYLL;

(d) An award of unpaid wages due to under NYLL;

(e) An award of damages pursuant to late payment of wages under NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
November 2, 2022

                                              Respectfully submitted

By: *Lawrence Spasojevich*
Lawrence Spasojevich (LS 1029)